The petitioner is a seventy-one year old who entered a plea of guilty to manslaughter in the first degree, Conn. Gen. Stat.53a-55(a)(1), for which he received a sentence of twenty (20) years. His plea was entered pursuant to North Carolina v. Alford, 400 U.S. 25 (1970).
His prior criminal record consists of convictions for assault in the first degree, assault in the second degree and carrying a gun without a permit. He was convicted in the instant case in connection with a shooting at 141 Woodland street in Hartford when police were summoned in response to a shooting.
The victim died of multiple gun shot wounds inflicted by the petitioner after a verbal altercation. Originally charged with murder, Conn. Gen. Stat. 53a-54a, and criminal use of a firearm, Conn. Gen. Stat. 53a-217, he entered his plea to substituted information of manslaughter. He was sixty-nine at the time he was sentenced.
In requesting a reduction in his sentence, petitioner's attorney places considerable emphasis on the advanced years of his client. The sentencing court, he argues, imposed the maximum time because it felt the reduction in the charge was ample consideration. The petitioner claims to be physically unwell and his primary goal now is to be able to obtain parole consideration within a reasonable amount of time. Presently he is not eligible for parole until he is 80. He also points out that he is not in need of nor is he currently receiving any psychiatric assistance at Somers, despite his past psychiatric difficulties.
The state, on the other hand, claims that the sentence was proper in light of the victim's demise and the petitioner's past record. Society's right to protection from dangerous persons must take precedence over the physical and psychological infirmities the petitioner may experience. We are urged to let the sentence remain as imposed and allow the Commissioner of Corrections to meet his physical needs.
The sentencing court focused on the effect of the petitioner's actions on the victim and his family as well as the petitioner's. The court also acknowledged the fact that the state was saved the necessity of trial but pointed out the petitioner's violent past.
CT Page 10601 We are persuaded that the petitioner's physical condition, based in large part on his advanced years, and his co-operation in avoiding a trial are matters which warrant a sentence reduction. While his past has been marked by violence, we note his last conviction was six years prior to the present matter and that he was convicted of a misdemeanor assault at that time. It was apparent to the division at the hearing that petitioner's physical infirmities are only increasing in number and severity. P.B. Sec. 942 authorizes this division to modify sentences because the sentence was inappropriate or disproportionate in view of several factors, including the protection of public interest and deterrence. Taking these factors as well as the petitioner's age and physical condition into account, we find the sentence imposed was excessive and that it should be reduced to twenty (20) years suspended after fifteen (15) years with five years of probation with appropriate conditions. We conclude that the deterrent, rehabilitative, isolative and denunciatory purposes are satisfactorily met in such a reduction. P. B. 942.
Accordingly the matter is returned to the Hartford Judicial District for resentencing in accordance with our decision.
Stanley Purtill Norko